
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DUSTIN ROLLINS, on behalf of himself and all other similarly situated persons, | No. 12-16261 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00027-JAT |
| v. | MEMORANDUM[*] |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted November 8, 2013
San Francisco, California

Before: TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

Dustin Rollins appeals the district court's order dismissing his claim for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

statutory wrongful foreclosure and partially dismissing his claims[1] for tortious wrongful foreclosure, declaratory judgment, equitable relief, punitive damages and attorneys' fees. On limited remand from this Court, the district court certified its dismissal order as an appealable final judgment under Federal Rule of Civil Procedure 54(b). Therefore, we have jurisdiction pursuant to 28 U.S.C. § 1291.

"We review de novo the district court's dismissal under Rule 12(b)(6) and review for abuse of discretion the denial of leave to amend." *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013) (citation omitted). We affirm, but remand for entry of an order permitting Rollins to file a motion for leave to amend.

Rollins's claim for statutory wrongful foreclosure fails. Defendants Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. (together, "MERS") had the legal authority to send Rollins the foreclosure notice under Ga. Code Ann. § 44-14-162.2 and to foreclose under Ga. Code Ann. § 44-14-162(b), even though MERS was not the holder of the note. *You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d 428, 433 (Ga. 2013) ("Under current Georgia law, the holder of a

---

[1] As discussed in our previous order, the district court partially remanded these claims to the United States District Court for the Northern District of Georgia (i.e., the transferor court).

2

deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.").[2]

Furthermore, under Section 44-14-162.2, the "required notice need not expressly identify the foreclosing party as a 'secured creditor.'" *Id.* at 434 n.7. Instead, "[w]e need look no further than the plain language of the statute to determine whom the notice must name," i.e., "the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." *Id.* at 433-34 (citing Ga. Code Ann. § 44-14-162.2). Rollins concedes that the foreclosure notice names the "servicing agent," *see id.*, Aurora Loan Services, as the entity that has "full authority to negotiate, amend, and modify all terms of the mortgage."

In addition, Rollins's claim that MERS violated Ga. Code Ann. § 23-2-114 ("Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised."), as well as – in relevant part – his claims for tortious wrongful foreclosure, declaratory judgment, equitable relief, punitive damages and attorneys' fees, are all based on the alleged violations of

---

[2] The Supreme Court of Georgia now has issued its decision in *You*. Accordingly, Rollins's motion for judicial notice of the federal court order certifying questions to the Supreme Court of Georgia is denied as moot.

3

Sections 44-14-162(b) and 44-14-162.2. These derivative claims fail for the same reasons.

Nevertheless, we remand. Given that *You* had not yet been decided at the time of the dismissal order, we cannot say that the district court abused its discretion in denying Rollins leave to amend. However, in light of *You*, Rollins now argues that he has a plausible basis to allege that Aurora Loan Services lacked full authority to modify the loan, and that the foreclosure notice therefore was inadequate under Section 44-14-162.2. *See You v. JPMorgan Chase Bank, N.A.*, No. 1:12-CV-202-JEC-AJB, 2014 WL 793325, at *1-3 (N.D. Ga. Feb. 25, 2014) ("In response to the Georgia Court's opinion, the amended complaint specifically alleges that Chase did not have 'full authority' to modify 'all the terms' of the mortgage."). Whether any such proposed amendment successfully states a claim for relief will be a question for the district court on remand. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011).

Each side to bear its own costs on appeal.

**AFFIRMED in part, and REMANDED** for entry of an order permitting Rollins to file a motion for leave to amend.